No. 19,236.

O. M. HAGER, *Appellant*, v. DICK FOALE, *Appellee*.

SYLLABUS BY THE COURT.

HORSE TRADE—*Attempt to Rescind—No Error in Record.* Where there is no assignment of error and the abstract and brief of appellant only show the determination of the jury on conflicting testimony the judgment must be affirmed.

Appeal from Edwards district court; ALBERT S. FOULKS, judge. Opinion filed May 8, 1915. Affirmed.

*W. E. Broadie*, of Kinsley, for the appellant.
*T. S. Haun*, of Kinsley, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This lawsuit and appeal grow out of a horse trade. The plaintiff, O. M. Hager, is a farmer in Edwards county, Kansas. The defendant, Dick

Foale, is a Colorado farmer who was employed by the plaintiff during the harvest season of 1912. When Foale came to work for Hager he brought a team with him. Foale induced Hager to trade a sorrel horse for a mare belonging to Foale. On discovering that the mare was a kicker and unfitted for work, Hager sought to rescind the bargain and brought replevin before a justice of the peace. The case was appealed to the district court, where the amended bill of particulars alleged that prior to the exchange and as an inducement therefor the defendant represented that the mare owned by him was a sound, gentle, well-broken animal and that she would work in all harness except single; that the plaintiff relied on that representation in making the trade; that the representation was false in that the mare was not gentle, and would not work in harness as aforesaid, and was of an ugly, wild and dangerous disposition, all of which the defendant well knew.

The answer was a general denial, and alleged that the defendant had made no guaranty of his mare and that she was a kind, gentle and well-broken animal and had no bad tricks or habits.

There is a conflict of testimony between plaintiff and defendant as to the representations made by defendant in effecting the trade, but the jury found a verdict for the defendant and made three special findings of fact:

"Q. 1. Did the defendant state to plaintiff prior to the trade that the mare was of good gentle disposition and would work in all harness except single. A. No.

"Q. 3. If you find such statement was made state whether Mr. Hager relied upon the same in making the trade. A. No.

"Q. 4. Did the mare in question show a disposition to kick viciously when hitched up double? A. No; not prior to the trade."

The abstract contains no assignment of errors, and no particular errors are called to our attention.

Hager v. Foale.

Appellant's brief cites familiar law relating to the sufficiency of a rescission of a contract and the reasonable time under which that may be done; but we have no reason to believe that the trial court perverted those well-established principles. Counsel for appellant argue with some force that the evidence justified a verdict for the plaintiff and asserts that there is some inconsistency in the special findings. These special findings seem harmonious to us and they are consistent with the testimony adduced for the defendant. Counsel for the appellant says:

"This case is simply an illustration of a jury's attempt to railroad through their own preconceived popular notion that a horse trade is a horse trade in which one who is defrauded must take his medicine without complaining. An example should be made of such high handed methods of the jury in disregarding the law and the evidence in order to uphold the popular fallacy that there can be no recovery in a horse trade."

Any such popular notion is erroneous. A horse trade is governed by the ordinary principles of law covering barter and sale. Misrepresentations of the qualities and characteristics of a horse by the owner, and relied upon by the party trading for the horse, will justify rescission and enable the defrauded party to recover the consideration given for the horse or compensatory damages; but the facts of a horse trade have to be determined as in any other business transaction. The court can not substitute its judgment for the judgment of the jury on controverted allegations of fact nor on the credibility of witnesses; and as no reversible error is indicated in this case, the judgment is affirmed.